1  Joseph D. Nohavicka (JN-2758)
   Mavromihalis, Pardalis & Nohavicka, LLP
2  3403 Broadway, Suite 200
   Astoria, NY 11106
3  Telephone: (718) 777-0400
   Facsimile: (718) 777-0599
4  Attorneys for the Defendants: GRENVILLE M. GOODER, JR.; DAVID N.
   PLATT; ASCENSION ASSET MANAGEMENT, LLC; WESTWAY
5  DEVELOPMENT, LLC

6

7

8                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
9

10  EDWARD C. PELLEGRINI,            )  No.: CV-116908-RSWL-JCG
11  TRUSTEE OF EDWARD                )
    PELLEGRINI TRUST, EDWARD         )  **DEFENDANTS' MOTIONS IN**
12  C. PELLEGRINI REVOCABLE          )  **LIMINE**
    TRUST, PELLEGRINI FAMILY         )
13  GS TRUST                         )
14                                   )  Hon. Ronald S.W. Lew
                                     )
15       Plaintiff(s),              )
                                     )  Discovery Cut-Off: 08/21/2012
16                                   )  Pre-Trial Conf: 11/20/2012
         vs.                         )  Trial Date: 12/11/2012
17                                   )
18  GRENVILLE M. GOODER, JR.;       )
    DAVID N. PLATT; ASCENSION        )
19  MANAGEMENT, LLC;                 )
    WESTWAY DEVELOPMENT,             )
20  LLC; DOES 1 through 100,         )
21  inclusive,                       )
                                     )
22
23       Defendants.
24
25
26
27
28

                              1
              DEFENDANTS' MOTIONS IN LIMINE

# TABLE OF CONTENTS

GENERAL AUTHORITY FOR MOTIONS IN LIMINE........................ 9

**MOTION IN LIMINE NO.1**

The Court Should Exclude Lay Witnesses From The Courtroom During
Trial And Preclude The Parties From Disclosing The Substance
Of Testimony Of Other Witnesses With Non-Party Witnesses....................10

**MOTION IN LIMINE NO. 2**

All References To The Sanction Previously Imposed On The Defendants
With Regard To Discovery Disclosures Should Be Excluded.......................11

**MOTION IN LIMINE NO. 3**

The Court Should Exclude Conclusory Statements, Improper Lay
Opinions, Hearsay, And Speculation..................................................12

    1.    No Witness Should Be Allowed To Testify To Matters Without
        First Showing That The Witness Has Personal Knowledge Of
        The Subject Matter Of His Or Her Testimony.........................12

    2.    All Testimony Constituting Speculation, Opinion, Or Beliefs
        Should Be Excluded Pursuant To Federal Rule Of Evidence
        701..................................................................................14

    3.    Hearsay Comments Must Be Excluded..................................15

    4.    Anticipated Testimony.......................................................15

        a.    Plaintiff Edward Pellegrini......................................... 15

        b.    Stephanie Pellegrini..................................................16

        c.    John Heer, Esq.........................................................16

        d.    Alan Lyon, CPA........................................................16

        e.    Mason A. Dinehart III...............................................16

**MOTION IN LIMINE NO. 4**

The Court Should Exclude All Expert Testimony Regarding Plaintiff's
Entitlement To Emotional Distress And Punitive Damages, As Well

1  As To The Amount Of Damages Recoverable In Genera.l...........................17
2      1.   Damages Are An Improper Subject Of Expert Testimony........... 17
3      2.   The Dangers Of Unfair Prejudice And Confusion Of The
4           Issues Substantially Outweigh The Probative Value Of The
5           Expert's Testimony Regarding Damages....................................18
6  **MOTION IN LIMINE NO. 5**
7  The Court Should Exclude All Evidence, Whether Presented By Expert
8  Or Lay Witnesses, Regarding Any Cause Of Action Or Alleged Violation
9  Of Law Not Contained In Plaintiff's Complaint.......................................20
10     1.   Factual And Legal Issues Not Raised In The Pleadings Are
11          Irrelevant..........................................................................20
12     2.   Dinehart's Opinions On Newly Raised Allegations, Claims
13          And Theories Of Recovery Are Not Helpful Because They
14          Are Unreliable, Speculative And Not Supported By The
15          Record..............................................................................21
16     3.   Factual And Legal Issues Not Raised In The Pleadings Will
17          Confuse The Issues And Mislead Court.................................23
18          a.   The Investment Advisor Act of 1940............................ 23
19          b.   The Alleged Unsuitability Of The Investments In
20               Question......................................................................26
21          c.   Improper Speculation On What Plaintiff's Portfolio
22               Should Have Looked Like........................................... 27
23          d.   Alleged Violation of California's Blue Sky Laws,
24               Including § 25102(f)................................................ 29
25          e.   Alleged Breach of Supervision.....................................30
26          f.   Alleged Overreaching By Defendants............................ 32
27 **MOTION IN LIMINE NO. 6**
28 The Court Should Exclude Opinions, By Testimony Or Reports, Of

Plaintiff's Expert Witness, Mason A. Dinehart III...…............................... 34

**MOTION IN LIMINE NO. 7**

The Court Should Exclude All Evidence Regarding Communications

Between Non-Parties And Gooder Relating To Rumors Concerning

Mason Global, Ltd.….……………………………………….……….. 36

**MOTION IN LIMINE NO. 8**

A Cause Of Action For Breach Of Contract As Against Gooder And Platt

Individually Cannot Lie And Must Not Be Heard……...……………………… 39

**CONCLUSION**...……………………………………………………… 41

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aguilar v. International Longshoresmen's Union Local # 10,*
  966 F.2d 443, 447 (9th Cir. 1992)……………………………………… 34

*Anderson v. Abbott,*
  321 U.S. 349, 362 (1944)…..…………………………………………… 40

*Bemedi v. McNeil-P.P.C, Inc.,*
  66 F.3d 1378, 1384 (4th Cir. 1995)…………………………………… 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.,*
  509 U.S. 579 (1993)…..………………………………………… *passim*

*Hangarter v. Provident Life and Accident Ins. Co.,*
  373 F.3d 998, 1016 (9th Cir. 2004)…..………………………………… 34

*In re Air Disaster at Lockerbie Scotland on Dec. 21, 1988,*
  37 F.3d 804, 824 (2d Cir. 1994)…..…………………………………… 22

*Kumho Tire Co. Ltd v. Carmichael,*
  526 U.S. 137, 141 (1999)……………………………………… 17, 29

*Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery,*
  179 F.R.D. 450, 462 (D.N.J. 1998)…………………………………… 28

*Luce v. United States,*
  469 U.S. 38, 41 (1984)………………………………………………… 9

*McCrary-El v. Shaw,*
  992 F.2d 809, 810-811 (8th Cir. 1993)………………………………… 13

*McEwen v. City of Norman, Okla.,*
  926 F.2d 1539, 1548 (10th Cir. 1991)…..……………………………… 9

*McGlinchy v. Shell Chem. Co.,*
  845 F2d 802, 806–807 (9th Cir. 1988)…..……………………………… 28

DEFENDANTS' MOTIONS IN LIMINE

*McLean v. 988011 Ontario, Ltd.*,
    224 F.3d 797, 800 (6th Cir. 2000)……………………………………… 22

*Mitroff v. Xomos Corp.*,
    797 F.2d 271, 276 (6th Cir. 1986)……………………………………… 14

*SEC v. Infinity Group Co.*,
    212 F.3d 180, 197  (3d Cir. 2000)……………………………………… 14

*SEC v. Singer*,
    786 F.Supp. 1158, 1167 (S.D.N.Y. 1992)………………………………… 13

*Torres v. County of Oakland*,
    758 F.2d 147 (6th Cir. 1985)…………………………………………… 14

*U.S.  v. 0.59 Acres of Land*,
    109 F.3d 1493 (9th Cir. 1997)…..……………………………………… 21

*U.S. v. Brown*,
    547 F.2d 36, 37 (3d Cir. 1976)………………………………………… 10,11

*U.S.  v. Charley*,
    189 F.3d 1251, 1267 (10th Cir. 1999)………………………………… 21, 22

*U.S. v. Cook*,
    608 F.2d 1176, 1186 (9th Cir. 1979)…………………………………….. 9

*U.S.  v. Hobbs*,
    31 F.3d 918, 921 (9th Cir. 1994)……………………………………… 10

*U.S. v. Johnston*,
    578 F.2d 1352 (9th Cir. 1978)………………………………………….. 11

*U.S. v. Owens*,
    F.2d 913, 916 (9th Cir. 1988)…..……………………………………12, 13

*U.S. v. Rhynes*,
    218 F.3d 310, 316-317 (4th Cir. 2000)………………………………… 11

DEFENDANTS' MOTIONS IN LIMINE

*U.S. v. Whitted,*
   11 F.3d 782, 785 (8th Cir. 1993)..................................................... 21, 22

*U.S. v. Benson,*
   941 F.2d 598, 604-605 (7th Cir. 1991)............................................... 22

*Viterbo v. Dow Chem. Co.,*
   826 F.2d 420 (5th Cir. 1987)............................................................ 22

*Voilas v. General Motors Corp.,*
   73 F.Supp.2d 452 (D.N.J. 1999)....................................................... 18

*Zicherman v. Korean Airlines,*
   516 U.S. 217 (1996)........................................................................ 22

### STATE CASES

*County Sanitation Dist. No. 8 of Los Angeles County v. Watson Land Co.,*
   17 Cal.4th 1268 (1993).................................................................... 17

*People v. Cole,*
   47 Cal.2d 99, 103 (1956).................................................................. 17

*Stark v. Coker,*
   20 Cal.2d 839, 846 (1942)................................................................ 40

*Watson v. Commonwealth Insurance Co.,*
   8 Cal.2d 61 (1936)........................................................................... 40

### FEDERAL STATUTES

Fed. R. Evid. 401............................................................... *passim*

Fed. R. Evid. 402............................................................... *passim*

Fed. R. Evid. 403............................................................... *passim*

Fed. R. Evid. 602............................................................... 12

Fed. R. Evid. 615............................................................... 10, 11

Fed. R. Evid. 701............................................................... 14, 17

DEFENDANTS' MOTIONS IN LIMINE

Fed. R. Evid. 702……………………………………………….. 17, 22

Fed. R. Evid. 703……………………………………………….. *passim*

Fed. R. Evid. 704……...……………………………………………… 14

Fed. R. Evid. 801……………………………………………... 15, 37

Fed. R. Evid. 802……………………………………………….. *passim*

Fed. R. Evid. 805……………………………………………... 15, 37

## STATE STATUTES

Cal. Code of Evidence § 352……………………………………… 19

Cal. Code of Evidence § 801………………………………………... 17

Cal. Code of Evidence § 803……………………………………... 17

## FEDERAL LEGISLATION

SEC Rule 206(4)-7………………………………………………... 32

The Investment Advisor Act of 1940…..……………………………. *passim*

## STATE LEGISLATION

Cal. Corps. Code § 25102(f)..…………………………………………29, 30

## OTHER AUTHORITIES

Rutter Group, Robert E. Jones, et al., Federal Civil Trials and Evidence,

§ 8:126 (2006)..…………………………………………………*passim*

William O. Douglas & Carrol M. Shanks, *Insulation from Liability Through*

*Subsidiary Corporations,* 39 Yale L.J. 193, 193 (1929)………………….. 40

DEFENDANTS' MOTIONS IN LIMINE

Defendants GRENVILLE M. GOODER, JR. ("Gooder"), DAVID N. PLATT ("Platt"), ASCENSION ASSET MANAGEMENT, LLC ("Ascension"), and WESTWAY DEVELOPMENT, LLC ("Westway") hereby make the following *in limine* motions and respectfully request that the Court enter an Order consistent with the relief sought in each motion to limit or bar admission of the requested evidence during trial making reference to the same. Moreover, all parties and counsel should be ordered to advise their witnesses of the existence of any order granting these motions and advise them, all counsel and parties to refrain from discussing or mentioning such information while on the stand or otherwise in the presence of the Court.

## **GENERAL AUTHORITY FOR MOTIONS IN LIMINE**

Courts have inherent power "to manage the course of its trials," including to grant appropriate motions *in limine. Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 463 (1984); *United States v. Cook*, 608 F.2d 1176, 1186 (9th Cir. 1979). Where the Court directs certain evidence to be excluded, the Court may also instruct counsel to avoid any mention of the evidence in question during opening statements, during trial, and/or in any argument to the jury and direct counsel to instruct its associates, client, and witnesses to avoid making mention of any of the excluded evidence. *Bemedi v. McNeil-P.P.C, Inc.*, 66 F.3d 1378, 1384 (4th Cir. 1995). Advance rulings on unduly prejudicial evidence, or other evidence properly excluded, serves the purpose of avoiding the obviously futile attempt to "unring the bell" once the evidence is offered and then stricken at trial. *McEwen v. City of Norman, Okla.*, 926 F.2d 1539, 1548 (10th Cir. 1991).

To comment upon any of the matters set forth below, or to attempt to introduce such testimony or evidence, directly or indirectly, would be highly improper and prejudicial to Defendants even if the Court were to sustain an objection thereto.

Accordingly, in addition to the specifics set forth in the following motions *in limine*, Defendants request that the Court order that no mention be made of the fact that these motions have been filed; or of any ruling of the Court in response to these motions; or suggesting or implying that the Defendants have moved to "exclude evidence" or to "prohibit" proof on any issue.

## MOTION IN LIMINE NO. 1

### The Court Should Exclude Lay Witnesses From The Courtroom During Trial And Preclude The Parties From Disclosing The Substance Of Testimony Of Other Witnesses With Non-Party Witnesses

Defendants move this Court for an order to exclude all nonparty witnesses from the courtroom at all times, except where such a witness is under examination, and also instructing Plaintiff's counsel to admonish all witnesses that they are precluded from discussing their testimony with any other witness in the case.

Rule 615 of the Federal Rules of Evidence provides that at the request of any party, the Court "shall" order witnesses excluded from hearing the testimony of other witnesses. Exclusion of witnesses is necessary to reduce the danger that a witness' testimony will be influenced by the testimony of other witnesses and to increase the likelihood that the witness' testimony is based on his or her own recollections. Fed. R. Evid. 615, Adv. Comm. Notes; *United States v. Hobbs*, 31 F3d 918, 921 (9th Cir. 1994).

Because the dangers of tainting the testimony of witnesses not excluded during examination is just as high if non-party witnesses are permitted to remain in the courtroom during other trial proceedings (e.g., during opening statements), non-party witnesses should also be excluded from all phases of the trial except where the witness is under examination. *United States v. Brown*, 547 F.2d 36, 37

(3rd Cir. 1976) (decision to exclude witnesses from courtroom during opening statement is committed to sound discretion of the trial court).

In addition, in order to prevent circumvention of the purposes for which Federal Rule of Evidence 615 was enacted, the Court has authority to prohibit witnesses from sharing the substance of any witness' testimony with other witnesses expected to testify. *E.g., U.S. v. Rhynes*, 218 F.3d 310, 316-317 (4th Cir. 2000); *U.S. v. Johnston*, 578 F. 2d 1352 (9th Cir. 1978), *cert denied*.

Based on the foregoing, the Court is required to order that all nonparty witnesses be excluded from the courtroom. In addition, in order to safeguard the purposes of Rule 615 of the Federal Rules of Evidence, the Court should order non party witnesses excluded from all other portions of the trial and order that witnesses be instructed by counsel that they cannot disclose the substance of their testimony to other witnesses.

## MOTION IN LIMINE NO. 2

### All References To The Sanction Previously Imposed On The Defendants With Regard To Discovery Disclosures Should Be Excluded

Evidence relating to Defendants' previous discovery sanction is not relevant and no proper purpose exists to make any reference to said sanction, and therefore is inadmissible.

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in an action. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequent to determination of the action more probable or less probable than it would be without the evidence." Assuming *arguendo* that the sanction imposed on Defendants is found to be relevant, Federal Rule of Evidence 403 requires exclusion of relevant evidence where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

In this case, the fact that Defendants were previously sanctioned has no tendency to prove any fact that is of consequence to the determination of this action. The only fathomable basis for its introduction would be for the Plaintiff to use it as impermissible character evidence in a conjured attempt to show that Defendants have a propensity to withhold critical information from the Plaintiff. Any mention or reference to said sanction would be highly unfair and prejudicial to the Defendants, as the sanction has no probative value with regard to the merits of the case and will only serve to confuse the actual issues involved in the action.

Accordingly, Defendants respectfully request that this Court exclude any reference to the sanction previously imposed on Defendants.

## MOTION IN LIMINE NO. 3

### The Court Should Exclude Conclusory Statements, Improper Lay Opinions, Hearsay, And Speculation

Defendants anticipate that Plaintiff may attempt to testify about, or elicit testimony from lay witnesses that is based on opinion, hearsay, speculation or otherwise lacking a proper foundation. Defendants move this Court for an order to instruct Plaintiff, his counsel and witnesses, not to refer to, testify about, question witnesses concerning or introduce evidence with respect to, matters that are improper subjects for lay opinion and/or conclusory statements, or factual assertions based on hearsay, speculation, or which lack a proper foundation.

1.  <u>No Witness Should Be Allowed To Testify To Matters Without First Showing That The Witness Has Personal Knowledge Of The Subject Matter Of His Or Her Testimony</u>

Federal Rule of Evidence 602, provides that "[A] witness may not testify about a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *See U.S. v. Owens*, 699

F.Supp. 815, 818, *aff'd*, 889 F.2d 913, 916 (9th Cir. 1988). Due to the need for reliable sources of information, the personal knowledge requirement is the first threshold that a witness' testimony must pass before it is allowed to be presented. The foundational requirements for showing personal knowledge are two-fold. The witness must show that: (1) he or she had an opportunity to observe an event; and (2) that he or she actually observed the event. Absent establishing both of these elements, the witness' testimony should be excluded. *McCrary-El v. Shaw*, 992 F.2d 809, 810-811 (8th Cir. 1993); *SEC v. Singer*, 786 F.Supp. 1158, 1167 (S.D.N.Y. 1992).

Defendants anticipate that Plaintiff may seek to testify, or call upon his witnesses to testify, about matters for which they have no personal knowledge. For example, Pellegrini may seek to testify about Defendants' dealings with Chandra and their research (or alleged lack thereof) into Mascon, including but not limited to, that Defendants did not perform due diligence, that they relied on their "unquestioning" faith in Chandra, and that they ignored numerous "red flags." However, with the exception for one meeting in New York, Plaintiff never participated in any meetings or discussions held between Defendants and Chandra, and was also never present at the times Defendants conducted their research into Mascon. Of course, Pellegrini cannot testify about Defendants' thought process, as neither he nor any other person can enter the minds of another individual. Plaintiff himself does not have personal knowledge of these events and thus should not be allowed to testify about them.

In addition, Plaintiff may seek to call his witnesses, John Heer and/or Alan Lyon, to testify about Plaintiff's relationship with Defendants and his reliance on them. These witnesses should not be able to testify about such subjects because they lack personal knowledge of Plaintiff's thought process, feelings and emotions. Further, Plaintiff's testimony regarding the same would clearly be

sufficient, so their testimony is not needed and would only serve to improperly bolster Plaintiff's.

2.   All Testimony Constituting Speculation, Opinion, Or Beliefs Should Be
      Excluded Pursuant To Federal Rule Of Evidence 701

Rule 701 of the Federal Rules of Evidence provides that a lay witness may testify in the form of an opinion only when the opinion is rationally based on the witness' own perception and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

The court in *Mitroff v. Xomos Corp.,* 797 F.2d 271, 276 (6th Cir. 1986) articulated the reason for excluding such self-serving testimony:

> Although testimony which embraces an ultimate issue is not objectionable (Fed. R. Evid. 704), seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an "oath helper."

Thus, where opinion testimony is not based on the witness' personal knowledge, the testimony must be excluded. *SEC v. Infinity Group Co.,* 212 F.3d 180, 197 (3rd Cir. 2000).

In addition, lay opinion, when allowed, must be "rationally based." In other words, the opinion or inference must be one a reasonable person would form based on the same perception. *Torres v. County of Oakland*, 758 F.2d 147 (6th Cir. 1985). Here, for example, Plaintiff is expected to offer his opinion that Defendants failed to perform due diligence with regard to the Mascon investment, that they did not have his best interests at heart, that they intentionally misrepresented information to him, and that he was set up by his own fiduciaries to invest even more money in Westway. In support, he may elicit testimony from his wife, Stephanie Pellegrini, or other witnesses such as John

Heer and Alan Lyon, regarding the same issues. Those witnesses' testimony are lay opinion testimony and not helpful. The Court can form these opinions on its own based on the evidence it receives.

3.   Hearsay Comments Must Be Excluded

Federal Rule of Evidence 801 defines hearsay evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rule of Evidence 802 provides that hearsay evidence is inadmissible at trial unless specifically made admissible under other provisions of the Rules of Evidence. Further, Federal Rule of Evidence 805 states that hearsay within hearsay should be excluded unless "each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Thus, any testimony or evidence that would constitute inadmissible hearsay must be excluded.

4.   Anticipated Testimony

Examples of anticipated testimony from Plaintiff and/or his witnesses regarding improper subjects for lay opinion, conclusory statements, lack of personal knowledge, and/or factual assertions based on hearsay, speculation or which lack proper foundation include the following:

a. *Plaintiff Edward Pellegrini*

- Whether Defendants knew or should have known that their representations about Mascon were false
- That Defendants conducted little investigation of Mascon or Chandra
- That Defendants were confronted with negative information concerning Mascon and Chandra, and whether they investigated those "red flags"
- That Defendants representations regarding Mascon and Westway were glowing and rosy
- That the Mascon and Westway investments were unsuitable for Pellegrini

DEFENDANTS' MOTIONS IN LIMINE

- That he was and is an unsophisticated investor
- That Westway failed to comply with California's blue sky laws
- That Defendants did not have Plaintiff's best interests at heart
- That he was "set up" by his fiduciaries to make further investments in Westway and Mascon
- That Westway was a poor way to buy Mascon GDRs
- That Gooder knew that he had no exit strategy
- That the investments in Mascon were extremely speculative
- That Defendants' actions and/or omissions towards Pellegrini were either intentional, or willful and in conscious disregard of his rights and safety

b. *Stephanie Pellegrini*

- Whether Plaintiff suffered emotional distress and whether it was related to and/or caused by Defendants
- Whether Plaintiff suffered physical damages and whether they were related to and/or caused by Defendants
- That Plaintiff was an unsophisticated investor

c. *John Heer, Esq.*

- That he has knowledge of Gooder's relationship with Plaintiff, and a description of same
- That he was aware of the Mascon investments
- That Gooder failed to account to Pellegrini
- That Plaintiff relied on Defendants as his investment advisors

d. *Alan Lyon, CPA*

- That Plaintiff relied on Defendants as his investment advisors

e. *Mason A. Dinehart III* (Plaintiff's Expert witness)

- See discussion in Motions *in limine* Nos. 4 and 5

16
DEFENDANTS' MOTIONS IN LIMINE

## MOTION IN LIMINE NO. 4

**The Court Should Exclude All Expert Testimony Regarding Plaintiff's Entitlement To Emotional Distress And Punitive Damages, As Well As To The Amount Of Damages Recoverable In General**

### 1.   Damages Are An Improper Subject Of Expert Testimony

While Expert testimony may be based on hypothetical facts and hearsay, it must have a "reliable basis in the knowledge and experience of the Expert's discipline." Fed. R. Evid. 701, 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Supreme Court held that scientific Expert testimony is admissible only if it is both relevant and reliable. *See Kumho Tire Co. Ltd v. Carmichael,* 526 U.S. 137, 141 (1999). In *Kumho,* the Court held that *Daubert's* holding setting forth the trial judge's general "gatekeeping" obligation to assess the relevance and reliability of Expert testimony applies not just to testimony based on "scientific" knowledge, but to testimony based on "technical" or other "specialized" knowledge. *Id., citing* Fed. R. Evid. 702.

A motion *in limine* may be used to exclude Expert opinion testimony that is based on an improper matter. *See* Cal. Code of Evidence § 803; *County Sanitation Dist. No. 8 of Los Angeles County v. Watson Land Co.*, 17 Cal.App.4th 1268, 1275–1277, 22 Cal.Rptr.2d 117, 120–121 (1993) (granting a motion *in limine* to exclude Expert's valuation opinion based on methodology "not sanctioned by California law."). An Expert is allowed to testify on a subject that is within the scope of his expertise, but is limited to those subjects that are beyond the competence of persons of common experience, training, and education. *See* Cal. Code of Evidence § 801; *People v. Cole*, 47 Cal.2d 99, 103, 301 P.2d 854, 856 (1956). "An Expert may base an opinion on facts or data in the case that the Expert has been made aware of or personally observed." Fed. R. Evid. 703.

In order to testify as to damages, the one offering the testimony has the burden of establishing a witness' qualifications. As the court in *Voilas v. General Motors Corp.,* 73 F.Supp.2d 452 (D.N.J. 1999) stated with regard to punitive damages, "there are no credentials that could qualify an individual as a punitive damages Expert." The reason is that assessing punitive damages is "implicative of various societal policies and lacking any basis in economics." *See id.* In other words, there is no science or methodology to awarding punitive damages. Valuating relevant factors and arriving at a dollar amount of damages requires no scientific, technical, or specialized knowledge; the Court is capable of making this determination without Expert assistance. *See id.*

Here, to the extent that the Plaintiff's Expert, Martin A. Dinehart III (hereinafter referred to as "Dinehart," "Mr. Dinehart" or "Plaintiff's Expert"), has included in his Report the amount of damages that Plaintiff should be awarded, as well as to the classification of such damages, Dinehart has gone beyond the scope of his purported expertise in securities law. Dinehart does not have any specialized training or knowledge regarding damages, whether general, punitive, or with respect to emotional distress.

While his purported expertise concerns securities, Dinehart has no more specialized knowledge regarding damages than the average layperson. As a result, Dinehart does not qualify, nor can Plaintiff qualify him as an Expert on damages. Defendants respectfully request that the portions of Plaintiff's Expert Report that attempt to define the extent and scope of the Plaintiff's damages, and his purported entitlement to them, be excluded in their entirety.

## 2.   The Dangers Of Unfair Prejudice And Confusion Of The Issues Substantially Outweigh The  Probative Value Of The Expert's Testimony Regarding Damages

Even if this Court determines that Dinehart is qualified to testify as to damages, and that the portions of Plaintiff's Expert Report regarding damages are relevant, it must exclude them as unfair and substantially prejudicial to Defendants. Under the Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Similarly, California Evidence Code § 352 allows the court, in its discretion, to exclude evidence if "its probative value is substantially outweighed by the probability that its admission will: (a) necessitate undue consumption of time; or (b) create substantial danger of undue prejudice, of confusing the issues or of misleading the jury."

Testimony by Plaintiff's Expert as to damages will result exactly in the prejudice that Fed. R. Evid. 403 and CA. Code § 352 were enacted to prevent. Such testimony could only inflame the passion of the trier of fact against Defendants and provoke undue sympathy for Plaintiff. Additionally, in responses to discovery, Plaintiff has not offered any admissible evidence of emotional distress which would otherwise be sufficient to recover damages on such claim. Where there has been no admissible evidence of actual emotional distress damages from an Expert in the field, it would be unduly prejudicial against Defendants for this Court to entertain testimony at trial regarding same.

As such, no testimony, Expert or lay, regarding Plaintiff's entitlement to emotional distress and punitive damages, nor the value thereof should be allowed at trial. Furthermore, any portions of Plaintiff's Expert Report discussing the same must be redacted and excluded in their entirety.

## MOTION IN LIMINE NO. 5

### The Court Should Exclude All Evidence, Whether Presented By Expert or Lay Witnesses, Regarding Any Cause Of Action Or Alleged Violation Of Law Not Contained In Plaintiff's Complaint

Defendants anticipate that Pellegrini, his counsel or witnesses, will present evidence or testimony regarding causes of action or alleged violations of law that were not included in Plaintiff's Complaint. For example, in light of being raised for the first time in Dinehart's Expert Report, Defendants anticipate that Plaintiff will attempt to introduce evidence or elicit testimony regarding Defendants' alleged failure to comply with California State Blue Sky Laws, alleged violations of The Investment Advisor Act of 1940, the alleged unsuitability of the investments, allegations regarding what Plaintiff's investment portfolio should have looked like, alleged breach of supervision and alleged overreaching.

Based on the anticipated testimony, which in essence would serve as a *de facto* Amended Complaint, Defendants move this Court for an Order to instruct Plaintiff, his counsel and witnesses, not to refer to, testify about, question witnesses concerning, or introduce evidence with respect to any alleged violations of law that were not included in Plaintiff's Complaint.

### 1.    Factual and Legal Issues Not Raised In The Pleadings Are Irrelevant

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in an action. "Relevant evidence" is defined as evidence "having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Normally, only factual and legal issues raised in the pleadings are 'at issue' in a trial. Issues not raised in the pleadings are not relevant except to the extent they bear on a witness' credibility, bias, etc." Rutter Group, Robert E. Jones, et al., Federal Civil Trials and

Evidence, § 8:126 (2006). The general rule is that a plaintiff can only recover, if at all, "upon the cause of action set forth in the complaint and not upon some other cause which may be developed by the proofs." *Livernois v. Brandt*, 225 Cal.App.2d 301, 305, 37 Cal.Rptr. 279, 282 (1964) (citations omitted). Accordingly, all evidence of or references to any alleged violations of state or federal law that Plaintiff failed to include in his Complaint should be excluded on the ground that such claims are not at issue in this trial and are entirely irrelevant.

To the extent that Plaintiff uses his Expert as a vehicle for raising new allegations, Federal Rule of Evidence 703 requires that the Expert have a basis for his testimony. That is, "[a]n Expert may base an opinion on facts or data in the case that the Expert has been made aware of or personally observed." *See* Fed. R. Evid. 703. The Advisory Committee notes on the Rule explain that the 2000 amendments were intended "to emphasize that when an Expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted." *See also United States v. 0.59 Acres of Land,* 109 F.3d 1493 (9th Cir. 1997) (error to admit hearsay offered as the basis of an Expert opinion without a limiting instruction). Notwithstanding these authorities, Plaintiff is attempting to use his Expert witness as a vehicle to introduce otherwise inadmissible evidence, by way of his Expert Report, which if admitted, would serve as a *de facto* Amended Complaint.

**2. Dinehart's Opinions On Newly Raised Allegations, Claims And Theories of Recovery Are Not Helpful Because They Are Unreliable, Speculative And Not Supported By The Record**

Several courts have excluded Expert testimony as unreliable when it is based largely or solely on witness statements. *United States v. Charley*, 189 F.3d 1251, 1267 (10th Cir. 1999); *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993); *United States v. Benson*, 941 F.2d 598, 604-5 (7th Cir. 1991) *amended*

*and modified on other grounds by* 957 F.2d 301 (7th Cir. 1992) and 74 F.3d 152 (7th Cir. 1996); and *Viterbo v. Dow Chem. Co.*, 826 F.2d 420 (5th Cir. 1987). "In general, Expert testimony which does nothing but vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations, and therefore does not 'assist the trier of fact' as required by Rule 702." *Charley*, 189 F.3d at 1267. Similarly, Expert opinions that "merely tell the jury what result to reach" are not deemed helpful to the jury, and thus, are not admissible under Rule 702. *Whitted*, 11 F.3d at 785.

Additionally, Expert opinions are excludible as unhelpful if based on speculative assumptions or unsupported by the record. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000); *In re Air Disaster at Lockerbie Scotland on Dec. 21, 1988*, 37 F.3d 804, 824 (2nd Cir. 1994) *overruled on other grounds in Zicherman v. Korean Airlines*, 516 U.S. 217 (1996).

In this case, Dinehart's Expert Report contains claims, theories of recovery, and allegations that Defendants violated state and federal law, none of which were ever asserted by Plaintiff prior to the submission of said Report. Assumingly, Dinehart conferred with Plaintiff, and perhaps his counsel, to discuss the facts and claims made in the case in order to prepare his Expert Report. Given the undisputed fact that a number of claims and allegations contained in Dinehart's Expert Report were wholly absent from the record prior to the submission of his Report, it logically follows that those portions of his Report, and his anticipated testimony about the same, were formulated largely, if not solely, on Pellegrini's own self-serving version of the story, together with what in Dinehart's view should have been asserted in the Complaint. As they are missing from the Complaint, these claims, allegations and new theories of recovery are clearly speculative and certainly not helpful in evaluating the claims and allegations actually at issue in this case. Plaintiff's *de facto* Amended Complaint, *i.e.*, Dinehart's Report, and Dinehart's anticipated testimony about

the same, is unreliable and simply serves the sole purpose of bolstering the credibility of Plaintiff, his witnesses, and his version of the story.

Accordingly, Defendants respectfully request that all evidence and testimony, especially Dinehart's, regarding all claims, allegations and theories of recovery not raised in the Complaint be excluded from trial in their entirety, on the ground that they are unreliable and unhelpful.

## 3.     Factual and Legal Issues Not Raised In The Pleadings Will Confuse The Issues And Mislead The Court

Federal Rule of Evidence 403 states that evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury. Evidence of any alleged violations of state, federal or common law that Pellegrini failed to include in his Complaint has little or no probative value. Conversely, the danger that such evidence will confuse or mislead the Court is high. The Court will only need to decide whether Defendants breached their contract, committed fraud and deceit, made negligent misrepresentations, breached their fiduciary duty, were professionally negligent, and whether Defendants' acts or omissions constituted a constructive fraud. Evidence of other claims not raised in Plaintiff's Complaint will confuse the issues and mislead the Court by suggesting that it must consider whether Defendants committed other unlawful acts, which ordinarily constitute independent causes of action. These potential dangers heavily outweigh the probative value of any such evidence.

Defendants anticipate that Plaintiff and his Expert, Dinehart, will attempt to provide testimony and offer into evidence information regarding the following subjects, and respectfully request an Order excluding the same in its entirety:

a.     *The Investment Advisor Act of 1940*

1    Section 206 of The Investment Advisor Act of 1940 (the Act), which makes

2  it unlawful for any investment adviser "to employ any device, scheme, or artifice

3  to defraud . . . [or] to engage in any transaction, practice, or course of business

4  which operates as a fraud or deceit upon any client or prospective client," or to

5  engage in specified transactions with clients without making required disclosures,

6  does not, however, create a private cause of action for damages. *Transamerica*

7  *Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 11-12, 100 S. Ct. 242, 243 (1979)

8  (citations omitted). Section 206 simply proscribes certain impermissible conduct

9  but does not in terms create or alter any civil liabilities. *Id.* In *Transamerica*, the

10  issue was "whether that Act creates a private cause of action for damages or other

11  relief in favor of persons aggrieved by those who allegedly have violated it." *Id.* at

12  13, 100 S. Ct. at 243. There, the Court stated that "[i]n view of the express

13  provisions in other sections of the Act for enforcing the duties imposed by § 206, it

14  is not possible to infer the existence of a . . . private cause of action." *Id.* In further

15  support of the fact that Plaintiff cannot maintain claims pursuant to the Act, the

16  Supreme Court explained in *Transamerica* that, "the mere fact that § 206 was

17  designed to protect investment advisers' clients does not require the implication of

18  a private cause of action for damages on their behalf." *Id.* at 24, 100 S. Ct at 249.

19    The Act nowhere expressly provides for a private cause of action. *See id.*

20  The only provision of the Act that authorizes any suits to enforce the duties or

21  obligations created by it is § 209, which permits the Securities Exchange

22  Commission (SEC) to bring suit in a federal district court to enjoin violations of

23  the Act or the rules promulgated under it. *Id.*

24    At bar, Plaintiff's Expert has improperly premised his entire Report on the

25  Act and alleged violations thereof. Based on established case law and subsequent

26  Supreme Court holdings, the Act does not provide for a private cause of action and

27  therefore Plaintiff's Expert does not have a basis for his testimony regarding the

28  Act. Said testimony regarding violations of the Act is egregiously misplaced and,

1    with no basis for such testimony, it is wholly irrelevant. It thus follows that

2    **Plaintiff cannot rely on the Act as a basis for recovery on any of his common**

3    **law claims**. Therefore, any and all evidence relating to the Act must be excluded in

4    its entirety, as well as stricken from the Expert Report.

5       Alternatively, notwithstanding established case law and assuming *arguendo*

6    that the Act does give rise to a private cause of action, any reference to the Act

7    must be barred as irrelevant. *See* Rutter Group, Robert E. Jones, et al., Federal

8    Civil Trials and Evidence, § 8:126 (2006). Plaintiff has not raised violations of the

9    Act as a cause of action asserted in the Complaint, nor do the words "Investment

10    Advisor Act of 1940" appear on any page in the Complaint. Any testimony

11    regarding the Act would be irrelevant, since Plaintiff did not claim in his pleadings

12    that Defendants violated the Act. Such evidence and testimony would not make the

13    existence of any fact that is of consequence to the determination of the action more

14    probable, or less probable than without it. Since there is no basis for the

15    introduction of evidence regarding the Act, all testimony related thereto must be

16    excluded in its entirety, as well as stricken from the Expert Report.

17       Even if testimony regarding the Act is found to be proper and relevant,

18    Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its

19    probative value is substantially outweighed by a danger of one or more of the

20    following: unfair prejudice, confusing the issues, misleading the jury, undue

21    delay, wasting time, or needlessly presenting cumulative evidence." In this case,

22    the allowance of Plaintiff's Expert testimony regarding the Act would be

23    extremely prejudicial to Defendants, considering that issues and claims related to

24    the Act were not asserted in the Complaint, or at any point thereafter, until

25    Plaintiff's Expert included them for the first time in his Report. Having submitted

26    his Report to this Court first, Defendants' Expert did not have the opportunity to

27    refute the claims in Plaintiff's Expert Report, thus, Defendants will only be able

28    to challenge the claims at trial. It would be highly unfair and prejudicial if this

DEFENDANTS' MOTIONS IN LIMINE

with no basis for such testimony, it is wholly irrelevant. It thus follows that
**Plaintiff cannot rely on the Act as a basis for recovery on any of his common**
**law claims**. Therefore, any and all evidence relating to the Act must be excluded in
its entirety, as well as stricken from the Expert Report.

   Alternatively, notwithstanding established case law and assuming *arguendo*
that the Act does give rise to a private cause of action, any reference to the Act
must be barred as irrelevant. *See* Rutter Group, Robert E. Jones, et al., Federal
Civil Trials and Evidence, § 8:126 (2006). Plaintiff has not raised violations of the
Act as a cause of action asserted in the Complaint, nor do the words "Investment
Advisor Act of 1940" appear on any page in the Complaint. Any testimony
regarding the Act would be irrelevant, since Plaintiff did not claim in his pleadings
that Defendants violated the Act. Such evidence and testimony would not make the
existence of any fact that is of consequence to the determination of the action more
probable, or less probable than without it. Since there is no basis for the
introduction of evidence regarding the Act, all testimony related thereto must be
excluded in its entirety, as well as stricken from the Expert Report.

   Even if testimony regarding the Act is found to be proper and relevant,
Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its
probative value is substantially outweighed by a danger of one or more of the
following: unfair prejudice, confusing the issues, misleading the jury, undue
delay, wasting time, or needlessly presenting cumulative evidence." In this case,
the allowance of Plaintiff's Expert testimony regarding the Act would be
extremely prejudicial to Defendants, considering that issues and claims related to
the Act were not asserted in the Complaint, or at any point thereafter, until
Plaintiff's Expert included them for the first time in his Report. Having submitted
his Report to this Court first, Defendants' Expert did not have the opportunity to
refute the claims in Plaintiff's Expert Report, thus, Defendants will only be able
to challenge the claims at trial. It would be highly unfair and prejudicial if this

Court were to allow testimony regarding the Act due to the fact that Plaintiff's claims regarding the same are time-barred, and the issues that are at the heart of this action would be overwhelmingly confused. The time to amend the pleadings has long passed, and this Court must exclude the new legal theories advanced in Plaintiff's Expert Report, which is nothing less than an impermissible, *de facto* Amended Complaint.

b.    *The Alleged Unsuitability Of The Investments In Question*

Pursuant to Federal Rule of Evidence 703, Plaintiff's Expert has no basis for his testimony regarding unsuitability. The alleged unsuitability of the investments, notably an otherwise independent cause of action, was never raised as a basis for any of the causes of action asserted in the Complaint. Further, the Complaint does not even contain the word "unsuitability" itself, or any variation thereof. Any testimony or discussion of suitability by Plaintiff's Expert, including the clients' investment objectives and risk tolerance, must be excluded in its entirety and stricken from the Expert Report as irrelevant.

Even if said evidence is found to be relevant, however, Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Allowance of Expert's testimony regarding suitability is extremely prejudicial to Defendants and confuses the issues, as further detailed below.

On page 6 of Plaintiff's Expert Report, Dinehart states that Defendants failed "to create and to note the client's risk tolerance on a new account profile or investment policy statement." In the preceding section of the Report, however, the Expert provides an in-depth discussion on Pellegrini's investment objectives and risk tolerance. Importantly, Plaintiff never raised, mentioned or discussed

Pellegrini's investment objectives and risk tolerance in the Complaint, or at any point thereafter in the instant litigation. Rather, the first time these issues were raised was indeed in the Plaintiff's Expert Report. Neither Pellegrini nor the Expert can now assert what the Plaintiff's investment objectives and risk tolerance were at the time the investment was made, especially when there is no documentation evidencing such delineation. It is surely a convenient argument to make, not only after the actual investments were made, but right before trial, without having raised it in the pleadings. Thus, Dinehart's testimony regarding Pellegrini's investment objectives and risk tolerance is not reliable.

Even assuming *arguendo*, that Plaintiff's investment objectives and risk tolerance are relevant, Plaintiff can testify as to the same, without the need of his Expert witness, Dinehart, whose knowledge of those subjects comes only from Plaintiff's own mouth, to "stamp" whatever Plaintiff could say himself.

Moreover, Plaintiff's Expert never defines "venture capital" or the risk tolerance involved, hence never addressing why, or in what way, the investments were unsuitable. The investment under dispute accounts for less than 8.4% of Plaintiff's total net worth. Nevertheless, Dinehart compared Pellegrini's *liquid* net worth before and after the disputed investment without any analysis as to why that method was chosen.

For the reasons stated above, Dinehart's testimony about the unsuitability of Plaintiff's investments in Mascon and Westway, including Pellegrini's investment objectives and risk tolerance, is entirely irrelevant, unreliable, without personal knowledge, unfairly prejudicial to the Defendants, and must be excluded in its entirety.

c.    *Improper Speculation On What Plaintiff's Portfolio Should Have Looked Like*

Based on Federal Rule of Evidence 703, the Plaintiff's Expert has no basis for his testimony regarding the composition of Plaintiff's portfolio. The diversification of investments was never raised as a basis for any of the causes of action asserted in the Complaint, nor was the word "diversification" ever mentioned in the Complaint. Moreover, what Pellegrini should have been invested in, as his Expert attempts to explain in his Report, is speculation and irrelevant to the instant action. Any discussion of diversification by Plaintiff's Expert, including what the client's portfolio should have looked like, must be excluded in its entirety and stricken from the Expert Report.

Regarding the speculative nature of Plaintiff's Expert and the discussion contained in his Report, a motion *in limine* should be granted where pretrial discovery establishes that the witness' opinion is based on assumptions unsupported by any evidence. *McGlinchy v. Shell Chem. Co.*, 845 F2d 802, 806–807 (9th Cir. 1988); *Lithuanian Commerce Corp. Ltd. v. Sara Lee Hosiery*, 179 FRD 450, 462 (D.N.J. 1998). Dinehart's Report states the following:

1.    "With regard to the GS Trust (outside of Mr. Pellegrini's direct estate), it was totally inappropriate for an IA to recommend that money reserved for the college education and support of Pellegrini's children be invested in Westway. This is a separate suitability issue. The IA should not have gambled with the children's money in this way (The GS Trust, to benefit the children, was not considered in Pellegrini's direct trust asset allocations)."

2.    "The Trusts should have had a moderately conservative balanced portfolio, with emphasis on the Wilshire 5000 for the equity portion (as opposed to the

S&P 500 or NASDAQ) along with an emphasis on quality fixed income, including investment-grade bonds."

Not only is Dinehart's testimony as to what Pellegrini should have been invested in irrelevant, but it is entirely unsupported, and is therefore unreliable under *Kumho, supra*. Dinehart's opinion as to what Pellegrini should have been invested in is completely speculative. Dinehart's Report does not take into account the stock market crash or current economic conditions, both of which play vital roles in valuing a client's portfolio. Obviously, one can create a perfect portfolio in hindsight, but that is just not reality. Furthermore, the mention of Plaintiff's children and the characterization of Defendants' investment advice as a gamble of the children's college education money is wholly inappropriate, irrelevant, unreliable, speculative and extremely prejudicial. Accordingly, this Court should exclude any testimony by Dinehart as to the diversification of Plaintiff's portfolio.

d.    *Alleged Violation of California's Blue Sky Laws, Including § 25102(f)*

Under Federal Rule of Evidence 703, the Expert must have a basis for his testimony. In his Report, Plaintiff's Expert makes reference to an alleged violation of California Blue Sky Laws by asserting that "[t]here was a securities violation by not filing notice with California." However, the alleged violation of Cal. Corps. Code § 25102(f), is nowhere to be found in the Plaintiff's Complaint. Plaintiff's Complaint does not assert a single cause of action pursuant to California state law, let alone one pertaining to Blue Sky Laws. In fact, the first time such alleged violation is mentioned is in Plaintiff's Expert Report. Any testimony as to California Blue Sky Laws is irrelevant and prejudicial to Defendants, and therefore must be excluded in its entirety.

DEFENDANTS' MOTIONS IN LIMINE

Nonetheless, a violation of Cal. Corps. Code § 25102(f) has no bearing on any of the issues raised in the Complaint. This section, which provides the requirements to comply with a limited offering exemption, obligates the issuer of the securities to file a Notice of Share Issuance with the State. The failure to file the Notice, or the failure to file the Notice within the time specified by the rule of the commissioner, however, shall not affect the availability of the private placement exemption. *See* Cal. Corps. Code § 25102(f)(4).

The fact that Defendant Westway failed to file the Notice has no tendency to prove any fact that is of consequence to the determination of this action. Any mention or reference to a violation of Blue Sky Laws would be highly unfair and prejudicial to the Defendants, as it has no probative value with regard to the merits of the case and will only serve to confuse the actual issues involved in the action. Assuming *arguendo* that there was a violation of Blue Sky Laws and said violation was relevant in this case, Plaintiff's Expert fails to explain how, much less establish that said violation actually and proximately caused Plaintiff's harm. Further, Dinehart does not explain if, and how the fate of the investment would have been different had Defendants filed the Notice. To claim that Plaintiff was harmed as a result of such a violation would be purely speculative and without merit.

Since a violation of § 25102(f) does not affect the availability of the private placement exemption, has absolutely no bearing on any of the issues or claims raised in the pleadings, has zero probative value, and has no connection to Plaintiff's alleged damages, any testimony, Expert or otherwise, of an alleged violation of said law must be excluded in its entirety.

e.    *Alleged Breach Of Supervision*

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in an action. "Relevant evidence" is defined as evidence "having any

tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. "Normally, only factual and legal issues raised in the pleadings are 'at issue' in a trial. Issues not raised in the pleadings are not relevant except to the extent they bear on a witness' credibility, bias, etc." Rutter Group, Robert E. Jones, et al., Federal Civil Trials and Evidence, § 8:126 (2006). The general rule is that a plaintiff can only recover, if at all, "upon the cause of action set forth in the complaint and not upon some other cause which may be developed by the proofs." *Livernois v. Brandt*, 225 Cal.App.2d at 305, 37 Cal.Rptr. at 282 (citations omitted). Plaintiff never alleged breach of supervision in the Complaint, and cannot now, through its Expert, allege new causes of action when the time period to amend the pleadings has long expired. Therefore, any testimony regarding breach of supervision introduced by Plaintiff, Expert or otherwise, must be excluded in its entirety and stricken from the Expert Report as irrelevant.

Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Allowing Plaintiff's Expert to testify regarding breach of supervision is extremely prejudicial to Defendants because neither Defendants nor their Expert have had the opportunity to refute the claim. Plaintiff's Expert testimony regarding the alleged breach of supervision would also mislead the Court because said testimony is not reliable, as further explained below.

Expert testimony is reliable if the principles and methodology used by the Expert proffering it are grounded in the methods of science. *Daubert*, 509 U.S. at 592–95. Opinion testimony that is based on "legitimate, preexisting research

unrelated to the litigation provides the most persuasive basis for concluding that the opinions he expresses were 'derived by the scientific method.' " *Id.*

In this matter, Dinehart relies on material handed out at The SIA Compliance and Legal Division Seminar of 2000 (The Seminar), as opposed to well established law. Plaintiff's Expert has not shown that anything discussed at the conference is (a) followed in every state or at the federal level, or (b) that it is customary or practiced in the industry.

According to the comments to SEC Rule 206(4)-7, the policies and procedures only need to be "reasonably designed to prevent violation of the Advisers Act, and thus need only encompass compliance considerations relevant to the operations of the adviser." *Id.* Dinehart has made no such showing to deviate from the SEC rule. There is no evidence that any academician, let alone an academic community, treatise, or journal, has recognized the propriety of The Seminar's methodology to determine what supervisory procedures are necessary. Nor does Dinehart proffer the type of procedures customary in the industry for the type and size of investment advisory firm as Defendants. The failure of Dinehart to support his methodology is fatal to the admissibility of his opinions.

Furthermore, Dinehart has not subjected his analysis to any test to determine whether the supervisory procedures discussed at The Seminar appropriately capture variables like the size of investment advisory firms, nor has Dinehart disclosed any known or potential rate of error in his methodology. Cumulatively, Dinehart's proposed testimony is unreliable under *Daubert*, and given the irrelevant, speculative, misleading and prejudicial nature of said testimony, this Court should exclude it in its entirety.

f.   *Alleged Overreaching By Defendants*

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in an action. "Relevant evidence" is defined as evidence "having any

tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Normally, only factual and legal issues raised in the pleadings are 'at issue' in a trial. Issues not raised in the pleadings are not relevant except to the extent they bear on a witness' credibility, bias, etc." Rutter Group, Robert E. Jones, et al., Federal Civil Trials and Evidence, § 8:126 (2006). The general rule is that a plaintiff can only recover, if at all, "upon the cause of action set forth in the complaint and not upon some other cause which may be developed by the proofs." *Livernois v. Brandt*, 225 Cal.App.2d at 305, 37 Cal.Rptr. at 282 (citations omitted). Additionally, and as previously discussed, Fed. R. Evid. 703 requires the Expert to have a basis for his testimony. At bar, overreaching was never raised as a basis for any of the causes of action asserted in the Complaint, nor was the term ever mentioned in the Complaint. Any discussion of overreaching by Plaintiff's Expert must be excluded in its entirety and stricken from the Expert Report as irrelevant.

Even if such evidence is relevant, Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Allowing the Expert's testimony regarding overreaching is extremely prejudicial to Defendants because neither Defendants nor their Expert have had the opportunity to refute the claim. Plaintiff's Expert testimony regarding the alleged overreaching would also mislead the Court because it confuses the issues and claims actually raised in the Complaint. For these reasons, all evidence regarding Defendants' alleged overreaching must be excluded at trial.

## MOTION IN LIMINE NO. 6

### The Court Should Exclude Opinions, By Testimony Or Reports, Of Plaintiff's Expert Witness, Mason A. Dinehart III

It is axiomatic that "an Expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Accident Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004); *see also Aguilar v. International Longshoresmen's Union Local # 10,* 966 F.2d 443, 447 (stating that "Expert testimony consisting of legal conclusions regarding existence of contract or meaning of its terms not admissible."). Dinehart's Report violates this well-established rule and consists of the following improper legal conclusions:

1. "Raising [limited partnership purchases] to 13% of his total net worth with Mascon GDR's with Westway was reckless and speculative . . . ."

2. ". . . there was no way Mr. Pellegini could have understood the high risk nature of the aggressive implementations of Mascon stock or GDR's in the Westway Dev't. LLC Securities Private Placement."

3. "Mr. Gooder failed to exercise due diligence after receiving the December 6, 2005 email from Mr. Biggs. He entirely relied on Chandra's responses and explanations."

4. "He [Gooder] concealed the email and erased any doubts expressed by Mr. Pellegrini."

5. "Westway unit prices were not accurate."

6. "The failure of Mssrs. Gooder and Platt to meet the Pellegrini trusts moderately conservative risk tolerance and investment objectives of preservation of capital & conservative growth to combat inflation."

7. "Failure to respond to numerous red flags . . . ."

8. "Failure to properly meet their suitability obligation in diversifying the Pellegrini Trusts investment program and strategy to meet the moderately conservative risk tolerance of the Pellegrini entities."

9. "Ascension, Gooder and Platt had a duty of care to Mr. Pellegrini that they severely breached."

10. "They [Ascension, Gooder and Platt] violated their investment advisory agreement with Mr. Pellegrini and were professionally negligent."

11. "Mr. Gooder and Platt breached their fiduciary duties both as investment advisors and as Westway Managing Members."

12. "At each and every stage that Mr. Pellegrini invested they concealed critical facts from Mr. Pellegrini."

13. "They did not determine that Westway could sell securities to a California resident."

14. "There were numerous breaches of supervision duties in spite of red flags."

15. "Mr. Gooder even intentionally altered the Westway unit value in the Reports he sent to Mr. Pellegrini."

The foregoing characterizations of Defendants' alleged misconduct are legal conclusions and constitute improper subjects for Expert testimony. As such, Dinehart cannot opine concerning these matters. Moreover, Dinehart cannot express an opinion on an ultimate issue of law—whether Defendants violated federal, state and/or common law and could be subjected to civil liability. While helpful to Pellegrini's ultimate goal of convincing the Court of his version of the story, this is simply improper Expert testimony and must be excluded. These types of abuses of the Expert designation process are precisely why there are laws prohibiting the designation of Experts who aim to usurp the function of judge and jury. Accordingly, the Court should exclude any testimony regarding

DEFENDANTS' MOTIONS IN LIMINE

the above, as well as strike those portions containing the above-referenced legal conclusion from the Plaintiff's Expert Report in their entirety.

## MOTION IN LIMINE NO. 7

### The Court Should Exclude All Evidence Regarding Communications Between Non-Parties and Gooder Relating To Rumors Concerning Mascon Global, Ltd.

Defendants anticipate that Plaintiff, his counsel or witnesses, will present evidence or testimony regarding rumors contained in an e-mail chain forwarded to Mr. Gooder in the latter parts of 2004 and 2005. The rumors were with regard to "red flags" concerning Mascon and Chandra. The substance of the e-mail chain went as follows:

*2004*: David Benello, apparently a McKinsey analyst in Europe, sent an e-mail to Ramesh Venkataraman, a McKinsey analyst in Asia, to inquire on behalf of David's cousin, Allen Benello, about Mascon and its strategic/competitive position, as Allen was considering making a private placement investment in Mascon. Ramesh replied, personally opining about Mascon, despite not knowing Chandra, stating that he "knows them well. They have had a chequered history. Not a high quality shop." Further, Ramesh opined that the company was "nothing unique, likely to gradually fade away- but will be cash positive since that is the nature of the service business." David forwarded Ramesh responses to his cousin, Allen. Allen forwarded David and Ramesh's conversation to Jeremy Biggs of Fiduciary Trust, who then forwarded the e-mail chain to Gooder.

*2005*: Allen Benello sent an e-mail to Chandra to inform him of "some very negative comments [Allen had] been hearing second hand

about Mascon," which included rumors that the company was "a stock promoter's game and a fraud," made by an unnamed "friend" of Allen's in Mumbai, who was getting his information from yet another undisclosed source. Allen admitted that he had "no idea who [his unnamed friend] was talking to in Mumbai," and also gave his "impressions" regarding a "few articles available about the company on the Web" as being "pretty terrible." Chandra responded by e-mail, dispelling the rumors and supporting Mascon against the baseless and biased allegations from undisclosed sources. Allen replied, and reiterated that he was "only forward to [Chandra] comments [he has] heard second hand, so that [Chandra] will know the worst of the locker-room talk on the street…" Allen subsequently sent his e-mail chain with Chandra to Jeremy Biggs, who forwarded the same to Gooder.

Federal Rule of Evidence 801 defines hearsay evidence as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rule of Evidence 802 provides that hearsay evidence is inadmissible at trial unless specifically made admissible under other provisions of the Rules of Evidence. Further, Federal Rule of Evidence 805 states that hearsay within hearsay should be excluded unless "each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."

In this case, the multiple statements contained in the e-mail chains were made by non-party declarants who will not be testifying at trial. If the rumors contained therein are offered by the Plaintiff, his counsel, or his witnesses, to prove their truth, then they constitute inadmissible hearsay and must be excluded.

Although Defendants anticipate Plaintiff to offer the statements to show their effect on Mr. Gooder's state of mind, the baseless rumors must nevertheless be excluded because they would substantially prejudice Defendants.

Even if the rumors are found to be relevant and not hearsay, their admission would falsely suggest that the information they conveyed was credible and reliable, and that the baseless rumors should have indeed prompted Mr. Gooder to take, or refrain from taking, certain actions. The rumors contained in the 2004 e-mails, made by Ramesh, are his own personal opinions which lack any legitimate authority or support, better known as speculation. Further, the information they conveyed to Mr. Gooder was already known and had already been discussed with Plaintiff. Chandra came into Mascon as CEO in 2003. Mascon had experienced logistical issues in 2001 and 2002, which is why Chandra entered the company—for the very purpose of turning Mascon around and rejuvenating it into a profitable company. This is evidenced by Mascon's Annual Report for year ending March 31, 2004 (prior to the investments in question). On the first page it states that it is the "year of the turn-around." Any concerns regarding the "red flags" raised in the 2004 e-mail chain were no longer an issue at the time Mr. Gooder received the e-mails, as Defendants' research and exploration into Mascon prior to their investments provided assurances which made the venture capital investments in Mascon reasonable and warranted.  As for the rumors in the 2005 e-mails, Allen Benello admitted that the information was second hand, "locker room" street-talk, rendering the rumors meaningless and of no probative value.

The lack of, or at most minimal, probative value these rumors provide to the issues in this case are greatly outweighed by the unfair prejudice Defendants stand to bear if they are not excluded from trial. Further, any probative value the

rumors do provide should be discounted by the fact that both Jeremy Biggs and Allen Benello subsequently invested in Mascon themselves. Undoubtedly, if these baseless rumors about Mascon had any merit or value whatsoever, the individuals that forwarded them to Mr. Gooder would not have invested in the company.

Accordingly, Defendants respectfully request that all evidence and testimony regarding the Mascon rumors be excluded in their entirety.

## MOTION IN LIMINE NO. 8

### A Cause of Action For Breach Of Contract As Against Gooder And Platt Individually Cannot Lie And Must Not Be Heard

Plaintiff has asserted claims against Mr. Gooder and Mr. Platt, in their individual capacities, for breach of contract. It is undisputed, however, that the only contracts involved in this case were between Plaintiff on the one hand, and Ascension on the other. Since neither Mr. Gooder nor Mr. Platt individually entered into a contract with Pellegrini, no claim for a breach of such a non-existing contract can lie against them. Furthermore, Plaintiff cannot seek to attach liability to either Mr. Gooder or Mr. Platt by claiming that they were the individuals who breached the contract between Ascension and Pellegrini.

Simply because Mr. Gooder and Mr. Platt work for Ascension, it does not change the fact that Pellegrini contracted with a corporate entity, Ascension, not its corporate officers in their individual capacities. Mr. Gooder and Mr. Platt were, and are, protected by the limited liability offered by the corporate entity, Ascension.

The doctrine of limited liability is a basic and fundamental rule of corporate law, offering protection to its members. It has served society well by

DEFENDANTS' MOTIONS IN LIMINE

encouraging corporate enterprise without risk of personal liability for the LLC's debts. *See, e.g., Anderson v. Abbott,* 321 U.S. 349, 362, 64 S.Ct. 531, 88 L.Ed. 793 (1944) ("Limited liability is the rule not the exception; and on that assumption large undertakings are rested, vast enterprises are launched, and huge sums of capital attracted."). Memeber protection through the LLC form is "ingrained in our economic and legal systems" and, indeed, "no one would claim that the availability of limited liability [has] played an insignificant part in the expansion of industry and in the growth of trade and commerce." *See* (then Professor) William O. Douglas & Carrol M. Shanks, *Insulation from Liability Through Subsidiary Corporations,* 39 Yale L.J. 193, 193 (1929).

If the fact that no contract exits between Plaintiff and either Mr. Gooder or Mr. Platt, Plaintiff has failed to allege in his Complaint facts to "pierce of the LLC veil," which would otherwise expose Mr. Gooder and Mr. Platt to personal liability on the alleged breached of contract.

Whether the LLC veil should be pierced depends on the innumerable individual equities of each case. "Only general rules may be laid down for guidance." *Stark v. Coker*, 20 Cal.2d 839, 846, 129 P.2d 390, 392 (1942). Before a court can hold that an LLC is the mere alter ego of its members, two particular findings must be made. First, the court must determine that there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist." *Watson v. Commonwealth Insurance Co.*, 8 Cal.2d 61, 68, 63 P.2d 295, 298 (1936). Second, however, it must be shown that the failure to disregard the corporation would result in fraud or injustice. *Id.*

Plaintiff has not alleged a single fact against Mr. Gooder and/or Mr. Platt to establish that Ascension was their alter ego, nor has he alleged, much less established, that Mr. Gooder and/or Mr. Platt disregarded Ascension's corporate formalities. The record in this case is unequivocally absent of any facts or

allegations which would otherwise warrant a disregard of the corporate protection Ascension offered and continues to offer Mr. Gooder and Mr. Platt.

Accordingly, Defendants respectfully request that this Court find that Plaintiff failed to state a claim for breach of contract as against Mr. Gooder and Mr. Platt, and further exclude all evidence or references with regard to said claim.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that their motions be granted and that the Court enter an Order excluding, precluding and striking testimony and/or other evidence of the type discussed herein.

DATED:      November 15, 2012

Respectfully submitted,

**MAVROMIHALIS, PARDALIS & NOHAVICKA, LLP**

By: _____

Joseph D. Nohavicka (JN-2758)

*Attorneys for Defendants*

DEFENDANTS' MOTIONS IN LIMINE