Nathan D. Wirtschafter, Esq. (SBN 17822)
NATHAN D. WIRTSCHAFTER, CORP.
16501 Ventura Boulevard, Suite 610
Encino, California 91436
(818) 660-2518; Fax: (818) 380-0275
ndw@ndwlaw.com

Attorney for Plaintiff
Edward C. Pellegrini, Trustee

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. PELLEGRINI, TRUSTEE OF EDWARD C. PELLEGRINI TRUST, EDWARD C. PELLEGRINI REVOCABLE TRUST, PELLEGRINI FAMILY GS TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GRENVILLE M. GOODER, JR.; DAVID N. PLATT; ASCENSION ASSET MANAGEMENT, LLC; WESTWAY DEVELOPMENT LLC; DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 11-CV-6908  RSWL (JCGx)<br><br>**PLAINTIFF EDWARD PELLEGRINI'S RESPONSES AND OPPOSITIONS TO DEFENDANTS' MOTIONS IN LIMINE**<br><br>Discovery Cut-Off: 08/21/2012<br>Pre-Trial Conference: 11/20/2012<br>Trial Date: 12/11/2012 |

///
///
///

1
PLAINTIFF EDWARD PELLEGRINI'S RESPONSES AND OPPOSITIONS TO
DEFENDANTS' MOTIONS IN LIMINE

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………………2

Table of Authorities……………………………………………………………………3

I.      INTRODUCTION…………….........................................................................5

II.     DEFENDANTS' MOTIONS IN LIMINE ARE MOOT, SUPERFLUOUS, AND UNNECESSARY.......................................................................................6

III.    RESPONSES AND OPPOSITIONS TO EACH OF DEFENDANTS' MOTIONS IN LIMINE……………………………………………………………7

MOTION IN LIMINE NO. 1………………………………………………...7

MOTION IN LIMINE NO. 2………………………………………………...8

MOTION IN LIMINE NO. 3………………………………………………...8

MOTION IN LIMINE NO. 4………………………………………………10

MOTION IN LIMINE NO. 5………………………………………………11

MOTION IN LIMINE NO. 6………………………………………………13

MOTION IN LIMINE NO. 7………………………………………………14

MOTION IN LIMINE NO. 8………………………………………………16

IV.     CONCLUSION…………………………………………………………..16

PLAINTIFF EDWARD PELLEGRINI'S RESPONSES AND OPPOSITIONS TO
DEFENDANTS' MOTIONS IN LIMINE

# TABLE OF AUTHORITIES

## Statutes

Fed.R.Civ.P. 43(c)…………………………………………………………5, 14

Fed.R.Evid 104………………………………………………………….5, 14

Fed.R.Evid 615(3)……………………………………………………...7

Fed.R.Evid 702………………………………………………………...13, 14

Fed.R.Evid. 704(a)……………………………………………………13, 14

Fed.R.Evid. 801(c)……………………………………………………15

Fed.R.Evid. 803(6)……………………………………………………15

## Cases

*Hangarter v. Provident Life and Acc. Ins. Co.* 373 F.3d 998 (9th Cir. 2004)…………..13

*Rockwell Intern. Corp. v. United States*, 549 U.S. 457 (2007)…………………………11

*Shad v. Dean Witter Reynolds, Inc.* 799 F.2d 525 (9th Cir. 1986)…………………13, 14

*United States v. Heller*, 551 F.3d 1108 (9th Cir. 2009), *cert. denied*, *Heller v. U.S.* 129 S.Ct. 2419 (2009) ………………………………………………………6, 10

*U.S. v. Seschillie* 310 F.3d 1208 (9th Cir. 2002)………………………………………..7

## Local Rules

Local Rule 7-3……………………………………………………………5

Local Rule 7-6………………………………………….......................5, 14

Local Rule 38-2……………………………………………........................6

Local Rules, Appendix A, Pretrial Form No. 1……………………………………12

PLAINTIFF EDWARD PELLEGRINI'S RESPONSES AND OPPOSITIONS TO
DEFENDANTS' MOTIONS IN LIMINE

**Other Authorities**

Rutter FEDCIVP 4:400…………………………………………………………...5

Rutter FEDCIVP 4:401…………………………………………………………...5

Rutter FEDCIVEV 8:1865…………………………………………………….....15

Rutter FEDCIVEV 8:1866…………………………………………………….....15

Rutter FEDCIVEV 8:1867.1……………………………………..................15

Rutter FEDCIVEV 8:1867.1a…………………………………………….....15

Rutter FEDCIVEV 8:1875………………………………………..................15

PLAINTIFF EDWARD PELLEGRINI'S RESPONSES AND OPPOSITIONS TO
DEFENDANTS' MOTIONS IN LIMINE

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff Edward C. Pellegrini ("Pellegrini"), trustee of the Edward Pellegrini Trust, Edward C. Pellegrini Revocable Trust, and Pellegrini Family GS Trust, Responds to and Opposes various Motions in Limine filed by Defendants Grenville M. Gooder, Jr. ("Gooder"), David N. Platt ("Platt"), and Ascension Asset Management, LLC ("Ascension") (collectively, "Defendants").  [See Dkt. No. 73].

## I.    INTRODUCTION

Even as Defendants acknowledge the mountain of evidence[1] supporting Pellegrini's claims, they seek to exclude all, if not most, of it based on reasons that are as hyper-technical as they are legally unfounded.  Moreover, Defendants' Motions in Limine are a thinly-veiled attempt both to "preview" the case for the Court by preemptively distorting negative evidence and impermissibly attempting to try the case on the papers.

Moreover, it must be stated, that with the exception of Motions in Limine Nos. 7-8, there was no meet and confer by Defendants' attorneys before filing Defendants' 42-page document.  *See* Local Rule 7-3; The Rutter Guide FEDCIVEV Ch. 4-F, 4:400-4:401.

Defendants' motions are not supported by any evidence and no factual showings of any kind are made.  *See* Fed.R.Civ.P. 43(c); Fed.R.Evid. 104.; Local Rule 7-6.

For the reasons discussed herein, Defendants' Motions in Limine should be denied in whole or, alternatively, denied in most part and granted on only specific grounds.

///
///
///
///

---

[1]  Significant portions of Pellegrini's opening statement could be drafted using quotes from Defendants' motions in limine.

## II.      DEFENDANTS' MOTIONS IN LIMINE ARE MOOT, SUPERFLUOUS, AND UNNECESSARY.

A motion in limine is used to "limit in advance testimony or evidence in a particular area." *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009), *cert. denied*, *Heller v. U.S.* 129 S.Ct. 2419 (2009).

In a jury trial, the court's ruling in limine provides counsel "advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury." *Id.* at 1112.  However, where, as here, there is a bench trial, "a threshold ruling is generally superfluous."  *Id.*

As the *Heller* court explained, when a case is decided via a bench trial, "any need for an advance ruling [on a motion in limine] evaporate[s]." *Id.*  Indeed, in a bench trial opposition need not be filed because pending motions in limine become "moot."  *Id.* at 1111.

As stipulated to by the parties in their jointly-submitted [Proposed] Final Pretrial Conference Order, this case will be tried before the bench, not the jury.  [See Dkt. No. 71].  Defendants failed to reserve jury in this case as required by the local rules.  *See* L.R. 38-2.  The parties also filed a joint stipulation to waive a jury trial.  [See Dkt. No. 72].

Here, since the Court will hear evidentiary matters *and* act as the trier of fact, Defendants' attempt to exclude certain evidence is moot, superfluous, and unnecessary. *See Heller*, *supra* 551 F.3d at 1111-12.

Any concern Defendants may have regarding a pre-trial ruling on allegedly prejudicial evidence is precluded by their waiver of jury and agreement to try the case before the bench.  It makes little sense to seek exclusion of prejudicial evidence, highlighting such evidence in the process, when the Court will hear and consider the evidence either before or during trial.  Defendants' trepidation concerning the "futile attempt to 'unring the bell'" is, therefore, misplaced. [See Dkt. 73, p. 9, line 23].

Accordingly, Pellegrini requests that the Court deny Defendants' Motions in Limine in whole.

6

## III.   RESPONSES AND OPPOSITIONS TO EACH OF DEFENDANTS' MOTIONS IN LIMINE

Alternatively, should the Court decide to consider Defendants' Motions in Limine, Pellegrini offers the following responses and oppositions to each as follows:

## MOTION IN LIMINE NO. 1

Defendants ask the Court to exclude all non-party witnesses from the courtroom, unless they are under examination, and to instruct Pellegrini's counsel to admonish all witnesses that they may not discuss their testimony with other witnesses in the case.

What is not discussed in Defendants' motion is whether the exclusion will apply to expert witnesses.  *See* Fed. Rule Evid. 615(3) (allowing person to be present if "essential to presenting the party's claim or defense"); *U.S. v. Seschillie* 310 F.3d 1208, 1214 (9th Cir. 2002) (finding abuse of discretion in excluding expert).  Here, Pellegrini's expert will likely assist with the examination of Defendants' expert and should be permitted to be present for that witness' testimony and cross-examination.  In addition, the Defendants may provide additional facts and evidence showing their culpability for the various claims presented herein.  Therefore, if Pellegrini chooses, his expert should be permitted to attend those examinations.  Moreover, there is no jury who might be prejudiced by the presence of experts.  *See id.* at 1214.

Pellegrini will agree with Defendants that all non-party witnesses (save experts) should be excluded from the courtroom unless under examination.  Pellegrini, however, cannot agree with Defendants that *Pellegrini's* counsel admonish all witnesses that they may not discuss their testimony with other witnesses in the case.  Pellegrini's counsel should admonish Pellegrini's witnesses and Defendants' counsel should admonish Defendants' witnesses.  The obligation to prevent undue influence on witness testimony falls equally on counsel for both parties.

Accordingly, Pellegrini would ask the Court that, to the extent it grants Defendants' Motion *in Limine* No. 1, it tailor an order as described above.

7

## MOTION IN LIMINE NO. 2

Defendants contend that evidence of discovery sanctions in the amount of $12,850 against them would be a "conjured attempt to show that Defendants have a propensity to withhold critical information from the Plaintiff." [See Dkt. No. 73, p. 12, lines 4-5].

However, there is nothing "conjured" in United State Magistrate Judge Jay C. Gandhi's findings that the Defendants in fact withheld critical information from the Plaintiff. [See Dkt. No. 59, p. 2 ("Defendants failed to provide basic information concerning themselves and the structure of the investment…" "With respect to the document requests, Defendants appeared to be, charitably put, less than forthcoming.")].

At all relevant times, Defendants were either fiduciaries or holding documents obtained while fiduciaries. As will be shown at trial, Defendants cancelled the applicable investment-advisor agreements in late January 2011 rather than provide requested information to Pellegrini. As such, Defendants' refusal to provide documents and information during this litigation was a continuation of their business strategy to withhold and conceal information from Pellegrini.

Accordingly, Pellegrini asks the Court to deny Defendants' Motion *in Limine* No. 2.

## MOTION IN LIMINE NO. 3

Defendants ask the Court to exclude testimony that is not based on personal knowledge, is improper lay opinion, and is hearsay. Defendants list what they believe to be specific testimony to which certain witnesses will testify.

This motion should be denied on at least two bases. First, Defendants' list of anticipated testimony provides no indication of the grounds for which they seek exclusion. [See Dkt. 73, pp. 15:21-16:27]. Defendants simply list evidence that, frankly, acknowledges some, but certainly not all, of the ways in which they violated their responsibilities to Pellegrini, but they leave it up to the Court (and Pellegrini) to guess what their argument is for the exclusion of this evidence.

8

Second, each portion of testimony listed is in fact admissible as personal knowledge, proper lay opinion, non-hearsay, and/or excepted from the hearsay prohibition.  And, many of the items are "red herrings."

For example, the first items are "Whether Defendants knew or should have known that their representations about Mascon were false" and "Defendant conducted little investigation of Mascon or Chandra."  [See Dkt. No. 73, p. 15:21-22].  While Defendants claim that Pellegrini will testify about these items, it is in fact Defendants' own deposition testimony that speaks directly to these issues.  And, Pellegrini is of course allowed to testify about what he was *not* told.

The "red flags" that Defendants failed to investigate include Exhibits 7 and 8, of which Defendants are mightily seeking to suppress.  *Id.* at p. 15:24-25.  Defendants' "glowing and rosy" predictions about Mascon and Westway are contained in business documents they sent to Pellegrini which Pellegrini can authenticate.  *Id.* at p.15:26-27.  The question of "unsuitability" will be determined, in part, by using Pellegrini's admissible testimony about his investment goals and his level of sophistication.  *Id.* at p.15:28-16:1.

Westway's failure to comply with California's blue-sky laws is undisputed, as is Defendants' failure to ascertain that Westway was in compliance with same.  *Id.* at 16:2.  The issue of whether Defendants had Pellegrini's "best interest at heart" is a red herring; what matters is their alleged numerous breaches of fiduciary duty and fraudulent concealment.  *Id.* at 16:3.  The question of whether Pellegrini was "set up" is a red herring for the same reasons.  *Id.* at 16:4-5.  And the supposed issue of whether Westway was a "poor way" to buy Mascon GDR's is a distraction from the fact that Gooder has admitted that Pellegrini faced additional, undisclosed sales restrictions by purchasing Mascon shares via Westway.  *Id.* at 16:6.

That Gooder "knew he had no exit strategy" is something that he admitted to in his deposition.  *Id.* at 16:7.  That the investments were "extremely speculative" is perhaps something Defendants wished they had disclosed to Pellegrini, but did not.  *Id.* at 16:8.

9

Pellegrini declines to discuss the remaining points, for which, in any event, Defendants have given no indication of the grounds for exclusion.

Accordingly, Pellegrini asks the Court to deny Defendants' Motion *in Limine* No. 3.

## MOTION IN LIMINE NO. 4

Defendants seek to exclude expert testimony regarding Pellegrini's entitlement to and the amount of damages. Defendants' motion is filled with red herrings. The Court should deny this motion for several reasons.

To the extent Defendants make a colorable argument that Mason A. Dinehart III's ("Mr. Dinehart") testimony should not be admitted because it would "inflame the passion of the trier of fact" and "provoke undue sympathy," these concerns do not exist when the Court is the trier of fact. *See Heller*, *supra*, 551 F.3d 1111-12.

Defendants cite to no authority preventing Mr. Dinehart from opining about damages suffered by Pellegrini due to the total loss of his investment. He is a securities expert and, of course, can testify as to the total loss of the investment.

As for interest and lost investment advisor fees, these sums have been stipulated to, and Mr. Dinehart's testimony is not needed to determine those numbers. [See Dkt. No. 70-1, p. 5, lines 5-10].

Mr. Dinehart will not testify about emotional distress damages and has never indicated that he would. And, Mr. Dinehart will not testify about punitive damages which, as he stated in his report, are "beyond the scope of this expert's responsibility." Defendants' suggestions on this point are red herrings and a waste of the Court's time.

Defendants sloppily claim that "in responses to discovery, Plaintiff has not offered any admissible evidence of emotional distress." [See Dkt. No. 73, p. 19:17-19.] In fact, Defendants never propounded any written discovery on Pellegrini. Defendants never took Pellegrini's deposition or the deposition of any party. Defendants did not subpoena any documents. In short, Defendants conducted no discovery of any kind in the case.

10

Had Defendants conducted discovery, Pellegrini would have responded with the evidence that he and others will now provide at trial.  Defendants' failure to request evidence on this element of damage has no bearing on whether such evidence is admissible at the trial of this action.

Accordingly, Pellegrini asks the Court to deny Defendants' Motion *in Limine* No. 4.

## MOTION IN LIMINE NO. 5

Defendants spend twelve pages seeking a court order excluding any testimony on various issues that they argue were not contained in Plaintiff's Complaint.

However, black letter law compels the denial of this motion on two grounds.  First, the [Proposed] Final Pre-Trial Conference Order supersedes prior pleadings of both parties.  *See Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 (2007).  Second, the "new" legal violations are not new claims, but just evidence of existing claims.

In *Rockwell* the Court stated, "Here, we have not only an amended complaint, but a final pretrial order that superseded all prior pleadings and controlled the subsequent course of the action."  *Id.*  The Court noted parenthetically, "Where a claim was not included in the complaint, but was included in the pretrial order, it is irrelevant that the pleadings were never formally amended."  *Id.* (citations omitted).  "Claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim."  *Id.* (internal quotes and citations omitted)).

Here, Defendants have stipulated to the [Proposed] Final Pre-Trial Conference Order.  [See Dkt. No. 70-1].  At page 27, paragraph 15 they stipulated:

"The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless

11

modified to prevent manifest injustice." *Id*; *see also* Local Rules – Central District of California, Appendix A, Pretrial Form No. 1,  ¶ 14.

And, the [Proposed] Final Pre-Trial Conference Order [See Dkt. No. 70-1] states the acts which Defendants now[2] complain about:

1. Defendants failed to comply with California's Blue Sky laws [See Dkt No. 70-1 at pp. 11:10-11, 13:18-19, 16:5-7, 17:25-17, 19:6-7];

2. Defendants violated the duties of care found in the Investment Advisor Act of 1940 [See Dkt No. 70-1 at p. 6:21-23];

3. The investments were unsuitable for Pellegrini [See Dkt No. 70-1 at pp. 11:7-8, 12:1-3 & 7-9, 14:14-16 & 20-21, 17:22-23, 19:2-3];

4. Pellegrini's investment portfolio should have "looked" differently [*Id.*];

5. Alleged breach of supervision [See Dkt No. 70-1 at pp. 17:6-8, 25, 18:4]; and

6. Alleged overreaching [See Dkt No. 70-1 at pp. 4:26-27; 10:28-11:1 (failure to disclosure) and 17:20-22].

Again, *both* parties signed the [Proposed] Final Pre-Trial Conference Order that incorporates the violations.  They agreed, and the law and rules confirm, that this Order supercedes the parties' pleadings.  Having had the opportunity to review and rebuff any purportedly "new" allegations prior to agreeing to the Order, Defendants cannot now complain that Pellegrini did not include them in prior pleadings.

In addition, the facts which Defendants complain about are simply additional manifestations of their breaches of contract, professional negligence, breaches of fiduciary duty, negligent misrepresentation, constructive fraud, and outright intentional fraud.  Indeed, Plaintiff did not learn of Defendants' malfeasance from Defendants in the ordinary course of business, but had to obtain much of the evidence via third-party

---

[2] It should be noted the Defendants have not provided any citation to these points in Mr. Dinehart's report or in other sources, making their points uncertain and unsupported by competent evidence, to say the least.

subpoena (to Fiduciary Trust Bank) and at the August 2012 depositions of Mssrs. Gooder and Platt.

Accordingly, Pellegrini asks the Court to deny Defendants' Motion *in Limine* No. 5.

## MOTION IN LIMINE NO. 6

Defendants' Motion in Limine Number 6 desperately tries to exclude many of the opinions of Plaintiff's expert Mr. Dinehart.  [See Dkt. No. 73, pp. 34-35].

Defendants cite to *Hangarter v. Provident Life and Acc. Ins. Co.*373 F.3d 998, 1016 (9th Cir. 2004) for the proposition that an expert witness cannot give his opinion on an ultimate issue of law.  [See Dkt. No. 73, p. 34:4-6].

However, Defendants have quoted the exception as the rule.  The full quotation states as follows:

> It is well-established ... that expert testimony concerning an ultimate issue is not per se improper."  Indeed, Fed.R.Evid. 704(a) provides that expert testimony that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  That said, an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law.

*See ibid.* (citations and internal quotations omitted.)

In *Hangarter* the expert's testimony "did not improperly usurp the court's role by instructing the jury as to the applicable law."  *Id.* at 1017.

In *Shad v. Dean Witter Reynolds, Inc.* 799 F.2d 525, 529 (9th Cir. 1986), the Court of Appeals reversed, allowing expert testimony on a stockbroker churning case.  The Court characterized such testimony against the stockbroker as "essential."  *Id.* at 530.  It noted that expert testimony is admissible on the subjects of: risk, suitability, trading patterns, control of accounts, intent to defraud, reckless disregard and scienter.  *Id.*

The Defendants list fifteen statements from Mr. Dinehart's report and claim that they are legal conclusions.  A reading of the statements, however, shows that these are

Mr. Dinehart's opinions, fully within the scope of expert testimony and not impermissible legal conclusions.  *See id.*

For example, Mr. Dinehart's characterization of Defendants' conduct as "reckless and speculative" [See Dkt. No. 73, p. 34: 14] is similar to the expert testimony about "reckless disregard" found in *Shad*.  *Ibid.* at 530.  Mr. Dinehart discussion of "high risk" [p. 34:15] matches the discussion of "risk" from *Shad*.  *Ibid.*  Gooder's alleged failure to exercise due diligence [p. 34:18] is also similar to "reckless disregard."  *Ibid.*

Moreover, there is no jury in this case which may become confused about determination of the ultimate issue.

In short, Defendants' list of Mr. Dinehart's opinions properly fall within Rule 702 as permissible expert testimony as they are not legal opinions.  They are simply his opinions based on his expert understanding of the facts.  Additionally, these expert opinions, though they may embrace an ultimate issue, are not objectionable under Rule 704(a) because they are admissible under Rule 702 as non-legal opinions.

Accordingly, Pellegrini asks the Court to deny Defendants' Motion *in Limine* No. 6.

## MOTION IN LIMINE NO. 7

Defendants request the Court exclude Exhibits 7 and 8, which are emails which Fiduciary Trust Chairman Jeremy Biggs sent to Defendant Gooder in December 2004 and December 2005.  Defendants claim the documents are impermissible hearsay, but fail to attach a copy for the Court to review or otherwise provide any evidence in support of their claim that the documents contained non-admissible hearsay. *See* Fed.R.Civ.P. 43(c); Fed.R.Evid. 104.; Local Rule 7-6.

Assuming the Court proceeds to consider Defendants' unsupported motion, as noted in The Rutter Guide, "An out-of-court statement is not hearsay if offered to show the effect on the hearer, reader or viewer rather than to prove the truth of the content of the statement: e.g., to show that a party had prior notice or knowledge; that a party was

given a warning; or to prove a party's motive, good faith, fear, etc., where such matters are relevant to an issue in the case."  FEDCIVEV Ch. 8GB, 8:1865.  Such statements can be used to prove notice of a dangerous condition (8:1866), honest belief (8:1867.1) , personal belief (8:1867.1a), and state of mind (8:1875).  All of these matters are relevant to Defendants' conduct in the case.

While the Motions in Limine characterize the statements as "rumors," Gooder admitted in his deposition testimony that the receipt of the December 2005 emails (Exhibit 8) caused him to consider if he had made a "mistake."  Gooder Deposition, pp. 102-105.  Gooder also admitted to seeing the December 2004 emails (Exhibit 7) and noting the "bad press" about Mascon, but making the decision that Chandra was "worth making a bet on."  *Id* at 107.  He admitted to discussing the December 2004 email with Fiduciary Trust Chairman Jeremy Biggs.  *Id.*

Gooder also admitted to never providing written disclosure of Exhibits 7 and 8 to his investors.  He also admitted to never providing the investors the information contained therein, or doing anything to investigate same except to rely upon Chandra and some Mascon annual reports.

Defendants include summaries of the 2004 and 2005 e-mails, highlighting portions of the information they concealed from Pellegrini.  While the e-mails are arguably hearsay, they are nevertheless admissible as records of the regularly conducted activity of Fiduciary Trust, Bigg's employer, or as non-hearsay evidence relevant to Defendants' conduct in light of having received the e-mails.  *See* Fed. R. Evid. 801(c), 803(6).  Fiduciary Trust (*not* Defendants even though Pellegrini requested them in discovery) provided these documents from their e-mail servers, and are therefore business records that are not excluded by the rule against hearsay.  Additionally, Pellegrini will not offer these e-mails as evidence to prove the truth of the matter asserted in them.  In other words, Pellegrini does not intend to prove via the emails that Mascon had a "chequered history," was "not a high quality shop," or was "a stock promoter's game and a fraud." Pellegrini will show that these "baseless rumors" do indeed have probative value insofar

15

as they relate to Defendants' actions and inactions.  Additionally, their probative value in this regard is not greatly outweighed by any unfair prejudice to Defendant, particularly in a bench trial.

Accordingly, Pellegrini asks the Court to deny Defendants' Motion *in Limine* No. 7.

**MOTION IN LIMINE NO. 8**

Defendants seek dismissal of the breach of contract claims against defendants Gooder and Platt.  Plaintiffs do not oppose.

**IV.   CONCLUSION**

For the foregoing reasons, Pellegrini requests that the Court enter an order denying Defendants' Motions in Limine in their entirety or, alternatively, granting in part and denying in part as set out herein.

Dated: November 27, 2012                  Respectfully submitted,

                                         NATHAN D. WIRTSCHAFTER, CORP.

                 By:_____/S/_____
                       Nathan D. Wirtschafter, Esq.
                       Attorney for Plaintiff Edward C.  Pellegrini

PLAINTIFF EDWARD PELLEGRINI'S RESPONSES AND OPPOSITIONS TO DEFENDANTS' MOTIONS IN LIMINE

## **PROOF OF FILING WITH CM/ECF SYSTEM**

1.      At the time of service, I was at least 18 years of age and not a party to this legal action.

2.      My business address is: 16501 Ventura Boulevard, Suite 610, Encino, California 91436.

3.      I am an attorney registered with the United States District Court Central District of California's Electronic Filing Service ("CM/ECF"), and I am an CM/ECF User.

4.      On November 27, 2012, I filed the following documents
        (a)     PLAINTIFF EDWARD PELLEGRINI'S TRIAL BRIEF

5.      As opposing counsel is/are also a CM/ECF User(s), upon issuance of a Notice of Electronic Filing, service of the above-listed document(s) was automatically completed as follows:

        (a)     Name(s) of person(s) served:

                        Defendant Grenville M. Gooder, Jr.
                        Defendant David N. Platt
                        Defendant Ascension Asset Management, LLC
                        Defendant Westway Development, LLC

        (b)     CM/ECF User—Defendants' Attorney(s):

                        Joseph D. Nohavicka, Esq.
                        Theodore Mavromihalis, Esq.
                        Mavromihalis, Pardalis & Nohavicka, LLP
                        3403 Broadway, Suite 200
                        Astoria, NY 11106

                        Raymond McElfish, Esq.
                        The McElfish Law Firm
                        1112 N. Sherbourne Drive
                        West Hollywood, CA 90069

        (c)     Date of Filing:                 November 27, 2012

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   November 27, 2012

        NATHAN D. WIRTSCHAFTER          _____/S/_____
        (Type or Print Name)                        (Signature)

PLAINTIFF EDWARD PELLEGRINI'S MEMORANDUM OF CONTENTIONS OF FACT & LAW