**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD C. PELLEGRINI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GRENVILLE M. GOODER, JR. et al.,<br><br>　　　　Defendants. | CV 11-6908 RSWL<br><br>**ORDER RE Defendants' Motions in Limine (Nos. 1-8) [73]** |

　　　Currently before the Court are Defendants' Motions in Limine Nos. 1-8 [73]. Having reviewed all the papers pertaining to these Motions, the Court **HEREBY RULES AS FOLLOWS:**

　　　Defendants' Motion in Limine No. 1 to exclude lay witnesses from the courtroom during trial and preclude the parties from disclosing the substance of testimony of other witnesses with non-party witnesses is **GRANTED.** All non-party witnesses shall be excluded from the courtroom, except for expert witnesses, during trial. Further, the Parties shall explain to their own

1

1 witnesses that they are not to discuss their testimony
2 with any other witness in this case.
3   Defendants' Motion in Limine No. 2 to exclude all
4 references to the sanction previously imposed on the
5 Defendants with regard to discovery disclosures is
6 **GRANTED.** Evidence of Defendants' sanction is not
7 relevant to any of Plaintiff's claims in this Action
8 and should not be presented. Further, Plaintiff has
9 not identified how this evidence is relevant.
10   Defendants' Motion in Limine No. 3 to exclude
11 conclusory statements, improper lay opinions, hearsay,
12 and speculation is **GRANTED in part and DENIED in part**
13 **WITHOUT PREJUDICE.** The Court reminds the Parties that
14 testimony presented at trial must be provided in a
15 manner that complies with the Federal Rules of
16 Evidence. For instance, witnesses may testify only as
17 to matters of which they have personal knowledge. See
18 Fed. R. Evid. 602. Federal Rule of Evidence 602
19 requires the proponent of testimony to lay a foundation
20 as to the witness's personal knowledge. Here, for
21 example, as to anticipated testimony from Plaintiff
22 Pellegrini, although it is clear that he may testify as
23 to matters of which he has direct knowledge--for
24 example, whether he was given certain documents,
25 whether he was provided certain disclosures, and what
26 his investment goals were--it is unclear how Plaintiff
27 Pellegrini would have personal knowledge regarding
28 whether or not Defendants conducted due diligence. If

Plaintiff Pellegrini seeks to provide testimony regarding Defendants' due diligence, Plaintiff must lay a foundation prior to introducing such testimony.

Further, witnesses cannot provide opinion testimony unless it is based on their rational perception and is helpful. See Fed. R. Evid. 602.  For example, as to anticipated testimony from Stephanie Pellegrini, she may testify as to her observations about Plaintiff Pellegrini's manifestations of emotional or physical stress during the period in question, so long as the testimony does not seek to introduce testimony that should be otherwise provided by experts and Plaintiff demonstrates that the usual requirements for personal knowledge and foundation have been met.

Finally, hearsay evidence must not be presented unless it falls under one of the hearsay exceptions under the Federal Rules of Evidence. See Fed. R. Evid. 801-807.  It is unclear from Defendants' Motion how the anticipated testimony will introduce hearsay.  However, the Parties may make specific objections at trial should hearsay evidence be introduced by either side.

Defendants' Motion in Limine No. 4 to exclude all expert testimony regarding Plaintiff's entitlement to emotional distress and punitive damages, as well as to the amount of damages recoverable in general, is **MOOT and DENIED**.  First, the Parties have agreed that Plaintiff's expert, Mason Dinehart, will not testify as to punitive or emotional distress damages, investment

3

advisor fees, or interest. Therefore, Defendants' Motion is **MOOT** in this respect. Second, the Court **DENIES** Defendants' Motion to the extent that it seeks to exclude Plaintiff's expert from testifying as to damages suffered from total loss of Plaintiff's investment. Plaintiff's expert is a securities expert and is qualified to determine the amount of loss that Plaintiff Pellegrini has lost due to his investments. Finally, the Court **DEFERS** ruling with respect to Defendants' request that the Court redact and exclude portions of Plaintiffs' expert report, as the Court has not been provided with a copy of Plaintiff's expert report.

Defendants' Motion in Limine No. 5 to exclude all evidence, whether presented by expert or lay witnesses, regarding any cause of action or alleged violation of law not contained in Plaintiff's Complaint is **DENIED** as vague. The Court has not been presented with Plaintiff's expert report, which is the basis of Defendants' Motion, and cannot review whether Defendants' objections are proper.

Defendants' Motion in Limine No. 6 to exclude opinions, by testimony or reports, of Plaintiff's expert witness, Mason A. Dinehart III is **DENIED in part and GRANTED in part.** An expert's testimony must be helpful in assisting the trier of fact. Rogers v. Raymark Indus., Inc., 922 F.2d 1426, 1429 (9th Cir. 1991). An expert's legal conclusions are unhelpful to

the jury because they provide "no information other than the witness's view of how the verdict should be read." YKK Corp. v. Junqwoo Zipper Co., Ltd., 213 F. Supp. 2d 1195, 1203 (C.D. Cal. 2002) (quoting 4 Weinstein's Federal Evidence § 704.04). Defendants' Motion contains a list of 15 statements (numbered 1 through 15) from Dinehart's expert report that Defendants purport are "legal conclusions." Defs.'s Mots. in Limine at 34-35. The Court finds that the statements numbered 1 through 8, 12, 13, and 15, do not contain legal opinions, but rather reflect Dinehart's expert opinions, which he is qualified to make because he is a securities expert. However, the statements numbered 9 through 11, and 14, are legal conclusions regarding whether or not Defendants breached various duties, and are excluded.

Defendants' Motion in Limine No. 7 to exclude all evidence regarding communications between non-parties and Defendant Gooder relating to rumors concerning Mason Global, Ltd. is **DENIED**. Defendants object to Plaintiff's Exhibits G and H, which are copies of emails that were sent to Defendant Gooder in 2004 and 2005. To the extent that Plaintiff Pellegrini will offer the emails to show effect on hearer, the emails are not hearsay. See Fed. R. Evid. 801. The Court also finds that the emails' probative value is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The emails are

5

probative because they tend to show that at the time Plaintiff began investing in Mascon, Defendants had opinions from various consultants about Mascon. These emails formed the total mix of information that Defendants had prior to their recommending Mascon as an investment to Plaintiff. As Defendant Gooder is testifying at trial, if it is true that Defendant Gooder considered these emails, he may be able to explain why he did or did not give them weight.

Finally, Defendants' Motion in Limine No. 8 to exclude all evidence and references to Plaintiff's breach of contract claim against Defendants Gooder and Platt as individuals is **GRANTED.**

**IT IS SO ORDERED.**

DATED: December 6, 2012.

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge